UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CINDY COLLIN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 1:12-cv-336-GZS |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendant | ) |

REPORT AND RECOMMENDED DECISION[2]

The plaintiff in this Supplemental Security Income ("SSI") and Medicare Qualified Government Employee (MQGE) benefits[3] appeal contends that the administrative law judge erred by omitting a reaching limitation from the residual functional capacity ("RFC") that he assigned to her, by failing to discuss the exertional limitations assigned to her by a state-agency medical consultant, and reached a conclusion about disability that was not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 13, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] For purposes of this appeal, the same legal standard is applicable to both claims. *See* 42 C.F.R. §§ 406.12(a), 406.15(a) & (c).

requirements for purposes of SSI through June 30, 2004, and for MQGE benefits through December 31, 2013, Finding 1, Record at 11; that she suffered from foot problems, arthritis, status post C5-C6 anterior cervical discectomy and fusion, history of chronic sinusitis, allergies, and carpal tunnel syndrome, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-5, *id*. at 12; that she had the RFC to perform light work, but could only occasionally climb ramps or stairs, balance, stoop, kneel or crouch, could not climb ladders, ropes, or scaffolds, crawl, or work overhead, should avoid constant bilateral handling, even moderate exposure to vibration, fumes, or odors, and should avoid unprotected heights, Finding 5, *id.* at 12-13; that she was capable of performing her past relevant work as a distribution sales agent, Finding 6, *id*. at 20; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, or for Medicare Qualified Government Employee benefits, at any time from January 28, 2008, the alleged onset date, through the date of the decision, July 20, 2011, Findings 7-8, *id*. at 21.  The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 416.1484(a)-(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 416.920(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

### A. Limitation on Reaching

The plaintiff contends that the administrative law judge found that she was "limited in her ability to reach in all directions" but only included in her RFC a restriction to "avoid all overhead work," and that this omission rendered his hypothetical question to the vocational expert erroneous. Plaintiff's Statement of Specific Errors ("Itemized Statement") (ECF No. 11) at 2-4.

The argument is based on a less-than-complete reading of the administrative law judge's opinion. His full statement on this issue, only a portion of which is quoted by the plaintiff, is the following:

> Dr. Chamberlin determined that . . . [t]he claimant is limited in her ability to reach in all directions (including overhead) and in her ability to handle and, as such, must avoid all overhead work and must avoid constant handling, bilaterally (Exhibit 10F). The claimant must avoid even moderate exposure to vibrating hand tools . . . . [T]hese findings are given great weight.

Record at 19-20. The RFC assigned to the plaintiff by the administrative law judge includes the following limitations:

> The claimant needs to avoid all overhead work and should avoid constant handling, bilaterally. The claimant must avoid even moderate exposure to vibration, specifically, hand tools[.]

3

*Id*. at 12-13. The RFC does not omit any limitation on handling that was adopted from Dr. Chamberlin's findings, as set out above. The ability to reach is clearly tied to the limit on overhead work in Dr. Chamberlin's report, which states "Neck=avoid all overhead work" in the space provided for a description of "how the activities checked 'limited' are impaired" as the full explanation of his check of the "limited" box after the entry "Reaching [in] all directions (including overhead)." *Id.* at 412. No other limitations on reaching are included.

The same is true of the administrative law judge's hypothetical question to the vocational expert, which stated as follows:

> If I assume a person the claimant's age, education, and work experience; who can lift 20 pounds occasionally/10 pounds frequently; and who can stand or sit about six hours of an eight-hour workday; and who's limited to occasional ramps or stairs; no ladders, ropes, or scaffolds; occasional balance, kneel, and crouch and never crawling; would need to avoid all overhead work and should avoid the constant handling bilaterally; and finally should avoid giving moderate exposure to vibration[,] specifically handheld tools; and should avoid even moderate exposure to fumes or odors and should avoid unprotected heights[, w]ould that allow any of the claimant's past work either as she performed it or as it's described in the DOT?

*Id*. at 71.

The plaintiff's interpretation of Dr. Chamberlin's entries on the form is incorrect. *See Program Operations Manual System* (Social Security Administration) § DI 24510.050(C)(C) ("When limiting a claimant to reaching [in filling out the physical RFC form], specify whether the limitation is for reaching in all directions or for overhead reaching only."); *Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968, at *3 n.2 (D. Me. May 18, 2010). She is not entitled to remand on this basis. *See Jimerson v. Barnhart*, No. Civ. A. 04-3211, 2005 WL 1366478, at *2 (E.D. Pa. June 6, 2005).

## B. RFC Limitations from Dr. Johnson

The plaintiff next argues that the administrative law judge wrongly failed to include in her RFC limitations listed by Lawrence Johnson, M.D., a state-agency reviewer, to no constant reaching, no constant handling, and no forceful push/pull with her upper extremities without "providing a specific rationale to make sufficiently clear to the reviewer of the decision the specific evidence supporting his rejection of Dr. Johnson's opinion." Itemized Statement at 4-6.

First, the administrative law judge's RFC states that the plaintiff "should avoid constant handling, bilaterally." Record at 12. This can only constitute an inclusion of Dr. Johnson's "no constant handling" restriction, and not in any sense a rejection of it. There is no possible error as to this limitation.

Next, the job to which the administrative law judge found that the plaintiff could return, distribution sales agent, requires reaching "[f]requently – [e]xists from 1/3 to 2/3 of the time." *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th rev. ed. 1991) § 260.357-014. Thus, by definition, the job does not require "constant" reaching, and the failure to include this limitation in the RFC is at most harmless.

Finally, light work, which is the capacity assigned to the plaintiff by the administrative law judge's RFC, includes a push-pull component. *Butler v. Colvin*, No. 1:12-cv-0069-SMS, 2013 WL 1499333, at *9 (E.D. Cal. Apr. 11, 2013). The force limitations of light work are 20 pounds occasionally and 10 pounds frequently[4]; neither can be considered "forceful" pushing or pulling. *But see Wallace v. Apfel*, No. C 00-0376 SI, 2001 WL 253222, at *5 n.8 (N.D. Cal. Mar. 2, 2001) (restriction against forceful pushing and pulling in context of light work "matter[s] greatly").

---

[4] The DOT job description at issue does not specify or limit the context in which "20 pounds of force occasionally" or "10 pounds of force frequently" may be "exerted . . . to move objects." DOT § 260.357-014.

Assuming *arguendo* that the administrative law judge's statement that Dr. Johnson's findings were given "some weight to the extent that said findings are in line with the findings of Dr. Chamberlin," Record at 20, is insufficient under 20 C.F.R. § 416.927(f)(2), as the plaintiff contends, Itemized Statement at 5, she has not demonstrated that the outcome of her claim would have been different if the administrative law judge had provided such an explanation.  Indeed, in order for this error to be other than harmless, she must begin by demonstrating that the distribution sales agent job requires forceful pushing and/or pulling, which she has not attempted to do.

The plaintiff is not entitled to remand on this basis.

### C.  Substantial Evidence

The plaintiff's final challenge to the administrative law judge's decision is a contention that he mischaracterized her past relevant work as a sales position when "the DOT requires a finding that the plaintiff's past relevant work was as a delivery *route driver*[.]"  Itemized Statement at 7 (emphasis in original).  A comparison of the plaintiff's testimony and written report about her past relevant work, Record at 35-36, 210-11, with the descriptions of the two jobs at issue in the Dictionary of Occupational Titles, sales representative for food products and driver for sales route, *compare* DOT 260.357-014 *with* DOT 292.353-010, leads to a single possible conclusion: the administrative law judge's characterization of that work is clearly erroneous.

The vocational expert did not testify as to the number of jobs as a sales representative for food products, or a distribution sales agent, that would be available in the national or any other economy.  The administrative law judge did not make an alternative finding at Step 5.

Ordinarily, remand would therefore be required.  *See Vickers v. Astrue* No. 8:08-CV-599-T-TGW, 2009 WL 1615405, at *4-*5 (M.D. Fla. June 9, 2009).

However, at oral argument, counsel for the commissioner contended that remand on this basis would be an empty exercise, because the vocational expert had testified about three jobs that would be available to the plaintiff with the RFC assigned to her by the administrative law judge, thereby providing sufficient evidence to support a finding at Step 5 that the plaintiff was not disabled.  Counsel cited *Ward v. Commissioner of Soc. Sec.*, 211 F.3d 652 (1st Cir. 2000), in support of this position.

The three jobs identified by counsel are cashier II, information clerk, and inspector/hand packager.  At the hearing, the vocational expert testified, in response to the same hypothetical question that generated testimony about the plaintiff's past relevant work, that these jobs would be available to the plaintiff, and gave the number of each such job available nationally.  Record at 72.  These jobs, as described in the Dictionary of Occupational Titles at sections 211.462-010 (Cashier II),  237.367-018 (information clerk), and 559.687-074 (inspector and hand packager), appear to be consistent with the RFC assigned to the plaintiff by the administrative law judge.

In *Ward*, the First Circuit stated:

> While an error of law by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise.  The ALJ's error prevented him from inquiring into whether, apart from waiving his military retirement benefits, Ward was eligible for his civil service pension in 1984.  Since, however, the record is fully developed and Ward has made no showing that a remand is necessary for the taking of new and material evidence, we can determine on appeal whether the evidence supports the Commissioner's decision under the appropriate test.

211 F.3d at 656 (citations omitted). The same circumstances are present here. A remand would result in a decision at Step 5, based on evidence already in the record, that the plaintiff was not disabled at the relevant time. Therefore, remand is not necessary.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of June, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge